UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIZZY BYARS, et al., | Case No. 2:19-CV-1690 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| WESTERN BEST LLC, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Byars et al. v. Western Best LLC*, case number 2:19-cv-01690-JCM-DJA. On May 29, 2020, the court denied Western Best LLC d/b/a The Chicken Ranch's ("defendant") motion to dismiss in part, finding that it qualified as an "employer" for the purpose of Title VII. (ECF No. 40). Defendant now moves for an interlocutory appeal of this court's order. (ECF No. 43). Defendant requests that the instant action be stayed pending this court's determination of whether to allow an interlocutory appeal. (ECF No. 44).

Courts have broad discretion in managing their dockets. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* Fed. R. Civ. P. 1. To that end, the Supreme Court has articulated several factors for the court to consider when deciding whether to stay a case:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.

**James C. Mahan**
**U.S. District Judge**

> Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, defendant argues that this case presents an issue of first impression: "whether a business engaged in the unique Nevada industry of legalized prostitution, which in limited part includes the use of goods that have plausibly moved in interstate commerce, subject to the requirements of Title VII of the Civil Rights Act of 1964." (ECF No. 44 at 2). Defendant urges this threshold issue must be resolved before requiring it to litigate this action. *Id.*

The court agrees and will stay the instant action. If defendant is granted and prevails on an interlocutory appeal, plaintiffs' remaining claims fail as a matter of law. Thus, the parties' interests and judicial economy are best served by allowing the Ninth Circuit to resolve the threshold issue of whether defendant is a Title VII "employer" before requiring discovery and further litigation.

However, the court will afford plaintiffs an opportunity to respond to defendant's motion for an interlocutory appeal. The court notes that because defendant initially filed its motion for interlocutory appeal as a notice of appeal (*see* ECF Nos. 43; 45), the CM/ECF program did not automatically generate a response deadline. The court orders plaintiffs to respond to the motion for interlocutory appeal within 14 days of this order. Defendant must file its reply, if any, within 7 days of plaintiffs' response.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to stay (ECF No. 44) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the instant action be, and the same hereby is, STAYED until this court issues its decision regarding defendant's motion for interlocutory appeal.

IT IS FURTHER ORDERED that plaintiffs shall respond to defendant's motion for interlocutory appeal (ECF No. 43) within 14 days of this order.

**James C. Mahan**
**U.S. District Judge**

1    IT IS FURTHER ORDERED that defendant shall file its reply, if any, within 7 days
2 thereafter.
3    DATED July 6, 2020.

                                          _____
                                          UNITED STATES DISTRICT JUDGE