UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIZZY BYARS, et al., | Case No. 2:19-CV-1690 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| WESTERN BEST LLC, | |
| Defendant(s). | |

Presently before the court is defendant Western Best LLC's motion for attorney's fees. (ECF No. 94). Plaintiff Danielle James filed a response (ECF No. 97), to which the defendant replied (ECF No. 99). For the reasons stated below, the court DENIES the defendant's motion.

**I.    Background**

James sued the defendant alleging a variety of workplace violations under both state and federal law. (ECF No. 58). The defendant is a brothel operating legally in Nye County, Nevada. (ECF 80, at 1–2). James worked as a "courtesan," or legal prostitute, at the defendant's brothel for approximately two years. (*Id.*, at 2).

Under both her state and federal claims, James was required to establish that she was an employee. (*See generally* ECF No. 91). The court granted the defendant summary judgment after ruling that James failed to provide sufficient evidence to establish a dispute of fact over whether she was an employee, rather than an independent contractor. (*Id.*). The defendant now moves for an award of attorney's fees under Title VII as the prevailing party. (ECF No. 94).

**II.    Discussion**

Under the "American rule," litigants must generally pay their own attorney's fees unless there is a contract or statute authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness*

James C. Mahan
U.S. District Judge

*Soc'y*, 421 U.S. 240, 247 (1975).  Title VII authorizes such an award, giving the district court discretion to award fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978).  But while courts are permitted to award fees to prevailing *plaintiffs* as a matter of course, prevailing *defendants* should only be awarded fees in "exceptional" circumstances.  *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011).  The district court must therefore "exercise caution in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be airtight."  *E.E.O.C. v. Bruno's Rest.*, 13 F.3d 285, 287 (9th Cir. 1993) (citations and internal quotations omitted).

When considering the frivolity and reasonableness of the plaintiff's claims, the court must not engage in "post hoc reasoning" or "hindsight logic."  *Christiansburg Garment Co.*, 434 U.S. at 422.  "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."  *Id.*  A weak case . . . is not necessarily a frivolous one," and does not necessarily entitle the defendant to fees.  *United States EEOC v. Robert L. Reeves & Assocs.*, 262 F. App'x 42, 44 (9th Cir. 2007).  The defendant bears the burden of establishing that the fees sought were incurred by the need to defend against the plaintiff's frivolous claims.  *Harris*, 631 F.3d at 971.

The court finds that the defendant has not met its burden; it has not established the "exceptional circumstances" necessary to warrant an award of fees.  While James's claims ultimately proved meritless, this alone does not establish the defendant's entitlement to fees.

The defendant's sole argument[1] in support of an award for fees is that James signed an Independent Contractor Agreement before working with the defendant and an employment relationship "is a prerequisite to assert any Title VII claims." (ECF No. 94, at 4).  It was therefore

---

[1] While the defendant makes some more substantive arguments in its reply brief, this court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); (*citing Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)).

**James C. Mahan**
**U.S. District Judge**

1  "obvious that [James] had no foundation for her Title VII claims from the inception of this
2  lawsuit." (*Id.*). The defendant's argument is unavailing.

3        "Determining whether a relationship is one of employment or independent contractual
4  affiliation requires a *fact-specific inquiry* which depends on the economic realities *of the*
5  *situation.*" *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999) (internal citations and
6  quotations omitted) (emphasis added). If there is a contractual agreement between the parties, the
7  Ninth Circuit has explicitly held that the language of the agreement is "not dispositive" of whether
8  an employment relationship exists. *Id.* at 1293. The court must still analyze the circumstances of
9  the parties' actual relationship under a variety of factors. *Id.* at 1292–93.

10        The defendant has not provided the court with authority, and the court is aware of no such
11  authority, that provides that a contractual recitation that the plaintiff is an independent contractor
12  conclusively establishes the same. In other words, the mere fact that James entered into an
13  agreement titled "Independent Contractor Agreement" does not mean that her claims are frivolous
14  or unreasonable. As stated earlier, "[e]ven when the law or the facts appear questionable or
15  unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit."
16  *Christiansburg Garment Co.*, 434 U.S. at 422. James could have reasonably believed that she was
17  an employee of the defendant, based on their relationship, despite the agreement.

18        A grant of summary judgment in favor of the defendant does not necessarily establish the
19  frivolity of the plaintiff's claims. *See e.g.*, *Williams v. State of California Dep't of Corr.*, 13 F.
20  App'x 717, 719 (9th Cir. 2001) (reversing the district court's award of attorney's fees after granting
21  summary judgment in favor of the defendant). Even though the court previously found no
22  reasonable dispute of fact, it cannot fairly rule that James's claims were frivolous. The defendant
23  has not established the "exceptional circumstances" necessary for a grant of attorney's fees. The
24  court recognizes the "strong public policy" against awarding fees to defendants in Title VII cases
25  and denies the defendant's request. *United States EEOC v. Robert L. Reeves & Assocs.*, 262 F.
26  App'x 42, 44 (9th Cir. 2007).

27  . . .
28  . . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Western Best LLC's motion for attorney's fees (ECF No. 94) be, and the same hereby is, DENIED.

Additionally, counsel for plaintiff Danielle James filed a "Motion of Disassociation of Counsel" notifying the court that attorney Shelby L. Webb is no longer associated with the firm Hutchison & Steffen, PLLC.  (ECF No. 102).  It is THEREFORE ORDERED that the motion (ECF No. 102) be GRANTED. The clerk of court is INSTRUCTED to remove Shelby L. Webb's name from CM/ECF and the docket such that she no longer receives electronic service of materials filed in this case.

DATED July 12, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**